UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

T.L.I. HOLDING CORPORATION, )
)
        Plaintiff, )
) Case No. 4:07CV01916 FRB
  v. )
)
SAMSUNG INTERNATIONAL, INC., )
)
        Defendant. )

**MEMORANDUM AND ORDER**

Presently pending before the Court is the motion of defendant Samsung International, Inc. ("SII") to dismiss the Complaint of plaintiff T.L.I. Holding Corporation ("T.L.I.") for lack of personal jurisdiction, and for improper venue. (Docket No. 6/filed February 8, 2008.) All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

The following facts are taken from the Complaint, and are viewed in the light most favorable to plaintiff. T.L.I. is a Missouri corporation with its principal place of business in St. Charles County, Missouri. Defendant SII is a New Jersey corporation with its principal place of business in San Diego, California. T.L.I. alleges that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

T.L.I. owns over-the-road trailers, which it leases to its customers. In March 2002, T.L.I. leased "over 100" trailers, which were "based" in Tennessee, to its customer, Air Trans, Inc. ("Air Trans"). According to T.L.I., Air Trans used the trailers to transport goods for SII. In 2001, SII and Air Trans became involved in litigation in the U.S. District Court for the Western District of Tennessee. During the course of this litigation, SII seized control of all of the trailers used by Air Trans. T.L.I. submits that it owns the trailers SII seized, but does not allege that the seizures took place in Missouri. Attached to T.L.I.'s Complaint is a list containing identifying information, including VIN Numbers, for 42 trailers. T.L.I. submits that the fair market value of the trailers exceeds $100,000.00.

In Count I of its Complaint, T.L.I. alleges that SII unlawfully converted the trailers, inasmuch as SII has deprived T.L.I. of its right to legal possession and use of the trailers without consideration, resulting in lost revenue. In Count II, T.L.I. alleges that SII was unjustly enriched at T.L.I.'s expense and detriment. T.L.I. prays for an award of damages in the amount equal to the fair market value of the trailers, for the fair market rental value of the trailers for the time they have been in SII's possession, and for punitive damages.

In its motion to dismiss, SII argues that T.L.I. has failed to allege sufficient facts to support the conclusion that this Court has personal jurisdiction over it pursuant to Missouri's

long-arm statute or the Due Process Clause. In support, SII claims that plaintiff has failed to allege that SII transacts any business in Missouri, has entered into any contract in Missouri, or has committed any tortious act in Missouri, citing Mo. Rev. Stat. § 506.500. SII further argues that plaintiff has failed to allege minimum contacts between SII and Missouri, or that it is fair and reasonable to require SII to defend this action in Missouri. In support, SII submits the declaration of Youljin Koh, Chief Financial Officer for SII, declaring, inter alia, that SII is not incorporated in Missouri, conducts no business in Missouri, neither owns nor leases property in Missouri, has no employees domiciled in Missouri, has no contracts in Missouri, directs no advertising towards Missouri, holds no meetings or functions in Missouri, and has no offices, telephone listings, or mailing addresses in Missouri. (Docket No. 7-2.) SII further asserts that venue is improper in Missouri, and is readily available elsewhere. Plaintiff prays for dismissal pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

In response, T.L.I. argues that this Court has personal jurisdiction over SII because SII is the exclusive manufacturer to Samsung Electronics American, Inc., which places products into the market for sale throughout the United States, including Missouri. T.L.I. argues that, as a result of SII's relationship with Samsung Electronics American, Inc., SII has sufficient contacts with Missouri to support the exercise of personal jurisdiction, inasmuch

3

as it thrust itself into the stream of commerce via the unauthorized use of T.L.I.'s trailers to distribute its products through Samsung Electronics American, Inc. T.L.I. further argues that jurisdiction and venue are proper here because the trailers in question are titled in Missouri and owned by a Missouri corporation; that lenders holding liens on the trailers perfected their liens by filing financial statements in Missouri; and because SII's tortious activity should be deemed to have occurred in Missouri because it affected a Missouri resident. T.L.I.'s arguments are not well-taken.

**II. Legal Analysis**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff's complaint must state sufficient facts to support a reasonable inference that a defendant may be subjected to jurisdiction in the forum state. Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003). The evidence is viewed in the light most favorable to the plaintiff, and all factual conflicts are resolved in the plaintiff's favor. Id.

In a diversity action, a federal court may assume jurisdiction over a foreign defendant "only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." Dakota Industries, Inc. v. Ever Best Ltd., 28 F.3d 910, 915 (8th Cir. 1994); see also Ferrell v. West Bend Mut. Ins. Co., 393 F.3d 786, 790 (8th Cir. 2005).

Missouri's long-arm statute provides, in relevant part, as follows:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this state;
>
> (2) The making of any contract within this state;
>
> (3) The commission of a tortious act within this state;
>
> (4) The ownership, use, or possession of any real estate situated in this state;
>
> (5) The contracting to insure any person, property or risk located within this state at the time of contracting;
>
> . . .
>
> 3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
>
> Rev.Stat.Mo. § 506.500.

Missouri courts have interpreted this statute broadly to cover those cases where the Due Process Clause permits the assertion of personal jurisdiction. <u>Clune v. Alimak AB</u>, 233 F.3d 538, 541 (8th Cir. 2000) (quoting <u>State v. Pinnell</u>, 454 S.W.2d 889, 892 (Mo. 1970). Therefore, the present inquiry devolves into the single question of whether the exercise of personal jurisdiction is consistent with due process. See <u>Uncle Sam's Safari Outfitters, Inc. v. Uncle Sam's Army Navy Outfitters - Manhattan, Inc.</u>, 96 F.Supp.2d 919, 921 (E.D. Mo. 2000).

Due process requires "minimum contacts" between the non-resident defendant and the forum state, such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291-92 (1980) (citing <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) and <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)). These minimum contacts must be based upon "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985) (quoting <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958)). The nonresident defendant's connection with the forum state must be such that "he should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen</u>, 444 U.S. at 297.

When a nonresident defendant has "continuous and

systematic general business contacts" with the forum state, a court has "general" jurisdiction over any suit brought against the defendant. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Absent contacts sufficient for general jurisdiction, a court can exercise "specific" jurisdiction if (1) the defendant has purposefully directed activities at the forum, and (2) the litigation results from injuries arising out of, or relating to, those activities. Burlington Industries, Inc. v. Maples Industries, Inc., 97 F.3d 1100, 1103 (8th Cir. 1996).

In Burlington, the Eighth Circuit noted that it had established the following test to evaluate the sufficiency of a defendant's contacts: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interests of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Id. at 1102 (citing Land-O-Nod Co. v. Bassett Furniture Indus., Inc., 708 F.2d 1338, 1340 (8th Cir. 1983)). The court noted that the third factor related to specific jurisdiction, and is satisfied if the defendant has purposefully directed its activities at forum residents, and the litigation results from injuries arising out of or relating to those activities. Burlington, 97 F.3d at 1103.

A. General Jurisdiction

SII has insufficient contacts with Missouri to support a finding of general jurisdiction. In his declaration, SII's Chief

Financial Officer declared that: SII is not incorporated in Missouri, is not qualified to do business in Missouri, and conducts no business in Missouri; SII neither owns nor leases property in Missouri, and has no officers, directors or employees domiciled in Missouri; SII has no contracts to market, distribute or service any products in Missouri; SII has no branch office or comparable facilities in Missouri, and has no telephone listings or mailing addresses in Missouri; SII neither leases nor owns property in Missouri, and has no bank accounts or other tangible personal or real property in Missouri; SII directs no advertising towards Missouri residents; SII holds no meetings or similar functions in Missouri; and SII did not enter into any contract with plaintiff in Missouri or elsewhere. (Docket No. 7-2 at 1-2.)

Contrary to T.L.I.'s argument, the mere fact that SII's products are sold to Missouri residents is insufficient to support a finding that SII has the requisite minimum contacts with Missouri. See Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1075 (8th Cir. 2004) (the presence of defendant's products in forum state was insufficient to support a finding of general personal jurisdiction where manufacturer was not registered to do business in forum state, and had no offices, inventory, real estate, employees, bank accounts, personal property, or agents in the state). "Placement of a product into the stream of commerce, without more, does not constitute an act of the defendant purposefully directed toward the forum State." Guinness Import Co.

v. Mark VII Distributors, Inc., 153 F.3d 607, 614-15 (8th Cir. 1998) (finding that a foreign brewer, whose beer was distributed in Minnesota, did not have sufficient minimum contacts with Minnesota for the exercise of personal jurisdiction; the plaintiff failed to show that the brewer exercised control over distributors once the product left the foreign country; plaintiff further failed to show that the brewer was licensed to do business in the state, had employees or agents in the state, or maintained bank accounts, phone numbers, or mailing addresses in the state).

T.L.I. argues that jurisdiction and venue are appropriate in this Court because the tortious effect of SII's conduct was felt by plaintiff in Missouri, and because the trailers SII seized are titled in Missouri and owned by a Missouri corporation. This is an apparent attempt to argue that this Court employ the "effects test" found in Calder v. Jones, 465 U.S. 783, 789-90 (1984). However, Calder did not set forth a per se rule that the allegation of tortious effects in a forum is sufficient to confer personal jurisdiction. In Calder, the Supreme Court held that a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional; (2) were "uniquely" or expressly aimed at the forum state; and (3) caused harm in the forum state; and that the defendant knew the harm would be felt in the forum state. Id. T.L.I. cannot satisfy this test. In its Complaint, T.L.I. alleges that SII seized the trailers while

9

involved in litigation with Air Trans in Tennessee. From these facts, one cannot conclude that SII's acts were uniquely or expressly directed at Missouri, or that SII knew that the harm would be felt in Missouri, and indeed intended this result.

Furthermore, as the Eighth Circuit has noted, the effects test does not supplant the requirement of minimum contacts. Hicklin Engineering, Inc. v. Aidco, Inc., 959 F.2d 738, 739 (8th Cir. 1992) (although the nonresident's tortious act might have affected the plaintiff in Iowa, "absent additional contacts, this effect alone [was] not ... sufficient to bestow personal jurisdiction [in Iowa]"). The effects test "is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." Allred v. Moore & Peterson, 117 F.3d 278, 286 (5th Cir. 1997); see also Panda Brandywine Corp. v. Potomac Elec. Power. Co., 253 F.3d 865, 870 (5th Cir. 2001) (subjecting a nonresident defendant to jurisdiction "for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts . . . would completely vitiate the constitutional requirement of minimum contacts and purposeful availment.")

T.L.I. also argues that the "business structure of SII's relationship with Samsung American, Inc. satisfies the Missouri long-arm statute." (Docket No. 12 at 3.) T.L.I. cites Cunningham v. Subaru of America, Inc., 631 F.Supp. 132, 135 (D. Kansas 1986)

10

in support.  However, plaintiff alleges insufficient facts to allow this Court to conclude that an agency relationship existed between SII and Samsung American, Inc., sufficient to confer personal jurisdiction on SII.  Missouri courts have held that "[a]gency is a fiduciary relationship which requires the existence of three elements," and in the absence of a prima facie showing of these elements, the actions of the alleged agent cannot confer personal jurisdiction on the principal defendant.  <u>Capitol Indemnity Corporation v. Citizens National Bank of Fort Scott, N.C.</u>, 8 S.W.3d 892, 902-03 (Mo. Ct. App. 2000).  Plaintiff's Complaint consists merely of conclusions regarding how SII and Samsung American, Inc. conducted business with each other.  Such conclusory allegations are insufficient to support a finding that this Court has personal jurisdiction over SII based upon SII's relationship with Samsung American, Inc.

Furthermore, as SII correctly notes, <u>Cunningham</u> does not support plaintiff's argument.  <u>Cunningham</u> was a products liability case which was originally filed in Missouri against a Japanese auto manufacturer alleging that a defective vehicle sold in Kansas caused injury in Kansas.  The Missouri Court held that, although it was alleged that the defendant transacted business in Missouri, there was no factual connection between the litigation and Missouri to allow the Missouri court to exercise personal jurisdiction. <u>Cunningham v. Subaru of America</u>, 620 F.Supp. 646 (D.C. Mo. 1985). After the case was transferred, the District Court of Kansas

considered the issue of whether, in a products liability case, the defendant could be haled into court in a foreign jurisdiction to answer for injuries caused by those products. In the case at bar, plaintiff alleges an intentional tort, not products liability. The holding in Cunningham is not applicable here.

    B.    Specific Jurisdiction

Because this cause of action did not arise from any contact SII had with Missouri, this Court cannot exercise specific jurisdiction. T.L.I. alleges that SII, while engaged in litigation with Air Trans in Tennessee, seized trailers that T.L.I. had previously leased to Air Trans. While a single act can be sufficient to establish the necessary minimum contacts, it must be shown that the defendant purposefully directed the act at residents of the forum, and that the injury complained of arose from that activity. Burger King Corp., 471 U.S. at 472 (this requirement is satisfied "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities"); Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985) ("the minimum contacts requirement may be met by a single act if the cause of action arises from that act").

Plaintiff's Complaint fails to state sufficient facts to support a reasonable inference that SII may be subjected to personal jurisdiction in Missouri. See Pecoraro, 340 F.3d at 561. Because SII lacks minimum contacts with Missouri, the maintenance

of this suit would "offend traditional notions of fair play and substantial justice."  World-Wide Volkswagen, 444 U.S. at 291-92.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant SII's Motion to Dismiss (Docket No. 6/filed February 8, 2008) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff T.L.I.'s Complaint is hereby dismissed without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of June, 2008.